# IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| **LUIS ALEXANDER GONZALEZ ORELLANA** * <br> **ANA del CARMEN PORTILLO de GONZALEZ*** <br> Jointly and individually, and as next friends for and * <br> Parents (Guardians) of **P. G. P. (Minor)**   * <br> 4513 Meade Street, NE, #2   * <br> Washington, DC 20019   * <br>           **Plaintiffs**   * <br>     * <br> **v.**   * <br>     * <br> DISTRICT OF COLUMBIA   * <br> A MUNICIPAL CORPORATION   * <br> WILSON BUILDING   * <br> 1350 PENNSYLVANIA AVENUE, NW   * <br> WASHINGTON, DC 20004   * <br>     * <br> *Serve On:*   * <br>     The Honorable Muriel Bowser   * <br>     Mayor, District of Columbia or Designees   * <br>     *Tabatha Braxton, Arlethia Thompson* or   * <br>     *Kadesha Washington*   * <br>     John Wilson Building   * <br>     1350 Pennsylvania Avenue, NW   * <br>     Washington, D.C. 20004   * <br>     * <br>     The Honorable Karl Racine   * <br>     Attorney General, District of Columbia   * <br>     or Designees *Darlene Fields,*   * <br>     *Tonia Robinson* or *Gale Rivers*   * <br>     441 Fourth Street, NW   * <br>     Washington, D.C. 20004   * <br>     * <br> DISTRICT OF COLUMBIA PUBLIC SCHOOLS   * <br> 1200 FIRST STREET, NE   * <br> WASHINGTON, DC 20002   * <br>     * <br> *Serve on:*   * <br>     The Chancellor, Dr. Lewis Ferebee   * <br>     1200 FIRST STREET, NE   * <br>     WASHINGTON, DC 20002   * <br>           **Defendants**   * | **CIVIL ACTION NO.** |

## COMPLAINT
### Negligence

Comes now plaintiffs, Ana del Carmen Portillo de Gonzalez and Luis Alexander Gonzalez Orellana, jointly and individually, and as next friends for and Guardian of P.G.P., by and through their attorney Hope Umana, Esq., and HUMANA LAW FIRM, PLLC and hereby sues defendant, and for cause states:

1. That Plaintiffs Ana del Carmen Portillo de Gonzalez and Luis Alexander Gonzalez Orellana are citizens of the District of Columbia residing at 4513 Meade Street, # 2, Washington, DC 20019. P.G.P born July 2007 is the 13 year old minor child of the Plaintiffs, who bring this action on behalf of their minor child.

2. Defendant District of Columbia (DC) is a municipal corporation responsible for the administration of governmental functions affecting the District of Columbia, and was at all times relevant to this cause of action responsible for the Plaintiff minor child as student in Kelly Miller Middle School.

3. Defendant District of Columbia Public Schools (DCPS) is the agency within the District of Columbia responsible for the education and welfare of students in the District of Columbia and own, operate and manage K-12 schools in the District and its Chancellor is in charge of the schools, their students and staff discipline, welfare and safety, and the supervision of students, teachers and other personnel. Defendant is directly responsible for establishing and implementing policies, managing, supervising and maintaining the School System.

4. At all times relevant, Defendant District of Columbia was responsible for the education, discipline, welfare and safety, and the supervision of Students, and for establishing the operational rules, regulations and policies, including non-discrimination standards, guidelines and rules and for enforcing the rules, regulations, standards, guidelines and

policies at the Schools. The Defendant DC was also responsible for training and supervising teachers and for ensuring that its teachers, counsellors and officers and personnel obey the rules, regulations and policies and the laws of the District of Columbia and the United States. The Defendant was also responsible for creating a welcoming, safe and educationally appropriate environment for all students.

5. At all times relevant, Defendant District of Columbia Public Schools was responsible for the discipline, welfare and safety, and the supervision of Students, and for establishing the operational rules, regulations and policies and for enforcing the rules, regulations and policies at the Schools. The Defendant DC was also responsible for training and supervising teachers and for ensuring that its teachers, counsellors and officers and personnel obey the rules, regulations and policies and the laws of the District of Columbia and the United States. The Defendant was also responsible for creating a welcoming, safe and educationally appropriate environment for all students. The Defendant DCPS is the official policy making body of the District of Columbia's Public Schools System, and was at all times relevant to this cause of action, responsible for the administration of the public school system in the District of Columbia, and it executes this responsibility through its agent, the Chancellor.

6. All acts alleged in this Complaint occurred within the District of Columbia.

7. The District of Columbia is the place where the events giving rise to this lawsuit occurred. Therefore, jurisdiction and venue are appropriate pursuant to DC Code Ann. §§ 11- 921 (1981 Edition).

8. Plaintiffs had timely filed notices that qualify as notice pursuant to the D.C. Code § 12-309 (1981 Edition) on June 7, 2019 and August 27, 2019.

## STATEMENT OF FACTS

9. Between September 1, 2018 to March 18, 2019 Plaintiffs' minor child P.G.P was a student in the facilities and campus of the Defendants at Kelly Miller Middle School. At about that period the minor child was place into the care of the defendants for care, education, welfare and attendant discipline. However, the Defendants allowed or encouraged the minor child to be subjected to vicious peer bullying, assaults and emotional trauma on a constant, daily and regular basis as a result of the race of the Plaintiffs' minor child.

10. At that time, the Defendants allowed the Plaintiffs' minor child to be so bullied, assaulted and traumatized without intervening or taking any meaningful administrative or interventional actions merely because the minor child is of a different race.

11. All attempts by the Plaintiffs, and there were many attempts, to bring those incidents to the attention of the defendants through teachers, counsellors and agents of the Defendants for corrective action were rebuffed and went un-addressed by the Defendants.

12. In fact at some point the Defendant further compounded the matter by cautioning the Plaintiffs' minor child to stop informing the Plaintiffs about her plight or risk being suspended from School or further education. Meanwhile, none of the Defendants, teachers, counsellors, staff and agents lifted a finger to stop the bullying, harassment and assaults which continued unabated even as the Defendant knew about the multi and various incidents.

## COUNT I
### (Negligence)

The allegation of fact, hereinabove set forth in paragraph 1-12 above are adopted herein and made a part hereof, and in support of the complaint herein, Plaintiffs further state that:

13. The Defendants were operating their school facilities and environment in a negligent and careless manner in violation of the laws then and there in full force and effect. The Defendants failed to properly manage their schools to give all students of all races equal, safe and appropriate education without discrimination, harassment and bullying; failed to properly supervise minor children in the care of the Defendant; created a dangerous and unsafe environment; did not protect or failed to protect the minor child in areas of the school and without due regard to the safety conditions then and there prevailing and available to her and thereby caused the minor child to be bullied, harassed and assaulted, and injured by peers and caused the Plaintiffs' minor child bodily and emotional injuries.

14. As a direct and proximate result of the negligence and carelessness of the Defendants, the Plaintiffs' minor child was injured.

15. As a further direct and proximate result of the negligence and carelessness of the Defendant, the Plaintiffs' minor child had her properties damaged, sustained grievous and painful injuries to and about various parts of her body, including emotional injuries.

16. As further and direct result of the negligence and carelessness of the Defendants the Plaintiffs and their minor child respectively: (1) suffered, and will continue to suffer pain, anxiety and mental anguish; (2) incurred expenses for medical care and medicines; (3) lost wages and income, and (4) was, for a period of time, unable to engage in their respective normal activities.

17. Plaintiffs further states that all the negligent actions and the injury was directly and proximately caused by the negligence of the Defendants, without any contributory negligence on the part of the Plaintiffs or their minor child.

## COUNT II
### (Intentional Infliction of Emotional Distress)

18. Plaintiffs re-allege and incorporate by express reference the allegations contained in paragraphs 1 through 17 as set forth in full.

19. Defendants' conduct was extreme, outrageous and contrary to basic concepts of human decency.

20. The Defendants' conduct was malicious, willful and intended to provoke extreme emotional distress in the Plaintiffs or the minor child.

21. As a direct and proximate consequence of the conduct of Defendants, the Plaintiffs experienced extreme emotional distress as alleged herein.

## COUNT III
### (Failure to Train/Supervise)

22. Plaintiffs re-allege and incorporate by express reference the allegations contained in paragraphs 1 through 21 as set forth in full.

23. The Defendants failed to adequately train, supervise and discipline their staff, agents and employees. The failure to train or properly train, supervise and discipline agents, staffs at their schools systems and facilities demonstrates a gross disregard for the rights of the students and parents, and was a proximate cause of the injuries to Plaintiffs' minor child.

24. As a direct and proximate consequence of the customs, policies and practices of the Defendants, Plaintiffs minor child sustained injuries as alleged.

### COUNT IV
### (Violation of DC Human Rights Charter)

25. Plaintiffs re-allege and incorporate by express reference the allegations contained in paragraphs 1 through 24 as set forth in full.

26. The Defendants failed to prevent and in fact enabled the bullying, harassment and discrimination of the Plaintiff and their minor child and failed to adequately train, supervise and discipline their staff, agents and employees. The failure to train or properly train, supervise and discipline agents, staffs at their schools systems and facilities demonstrates a gross disregard for the rights of the students and parents, and was a proximate cause of the injuries to Plaintiffs' minor child. This actions worked to violate the Plaintiffs and their minor child's Human Rights as enshrined in the District of Columbia's Human Rights Charter.

27. As a direct and proximate consequence of the customs, policies and practices of the Defendants, Plaintiffs minor child sustained injuries as alleged and her Human Rights as enshrined in the District of Columbia's Human Rights Charter were violated.

### COUNT V
### (Failure to Protect)

28. Plaintiffs re-allege and incorporates by reference paragraphs 1 through 27 as if fully set out herein.

29. Defendants knew of and acquiesced in the substantial risk of harm to the Plaintiffs' minor child by their neglect, and disregarded that risk by failing to take reasonable measures to abate it.

30. Defendants in deliberate disregard for the Plaintiffs' and their minor child's constitutional rights failed to remove the threat to the Plaintiff and their minor child's welfare and also failed to stop the abuse, bullying, discrimination, and harassment, thereby knowingly exposing the Plaintiffs' minor child to physical and emotional harm.

31. Defendants' callous and deliberate disregard to the Plaintiffs' minor child's safety and welfare and the failure to take reasonable measures when they learnt of the strong likelihood that the Plaintiff's minor child may be injured or further injured, resulted in the injury to the plaintiff minor child.

32. As a direct and proximate consequence of these failures Plaintiff sustained injuries as alleged.

## COUNT VI
### (Negligent Infliction of Emotional Distress)

33. Plaintiffs re-allege paragraphs 1 through 32 as set forth here in full.

34. Defendants' conduct was extreme, outrageous and contrary to basic concepts of human decency.

35. The Defendants' conduct was grossly negligent and Defendants ought to know or knew that such conduct would provoke extreme emotional distress in Plaintiff and their minor child.

36. As a direct and proximate consequence of the conduct of Defendants, Plaintiff and their minor child experienced extreme emotional distress as alleged herein. Plaintiffs and/or their minor child has been receiving psychological treatment since that time.

## COUNT VII
### (Violation of Title VII of the Civil Rights Act of 1964)

37. Plaintiffs re-allege paragraphs 1 through 36 as set forth here in full.

38. Defendants took discriminatory actions actionable pursuant to Title VII of the Civil Rights Act of 1964, as amended. The jurisdiction of this Court is invoked by the plaintiffs pursuant to 28 U.S.C. §§ 1331, 1343(4) and 28 U.S.C. §§ 2201 and 2202. This count of this lawsuit is pursuant to the "The Civil Rights Act of 1866," 42 U.S.C. § 1981, and 1981a and The Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended by the Civil Rights Act of 1991. Equitable and other relief is sought under 42 U.S.C. 2000e-5(g).

39. Plaintiff is a Latino immigrant to the United States and a resident of the District of Columbia.

40. During all times relevant, Defendants created an environment which encouraged and fostered a hostile educational environment for Plaintiffs' minor child due to her race. Such conduct was ongoing, open, and notorious. Simply put, racial discrimination is deeply embedded in the Kelly Miller Middle School. It is open, active, and unashamed. The harassment, abuse and discrimination was encouraged by the school top management's refusal to stop the misbehavior.

41. Plaintiffs reported their concerns including that their minor child was called many invectives including 'white whore,' told to 'get out of here with your fucking Latino accent,' 'weird bitch' 'we are going to call Trump on you…'. Defendant failed to take effective remedial action in response to racially charged complaints, apart from one half-hearted instance where the administrator called the offending students and asked them to stop bullying the minor child. Nothing adverse was done to the offenders who then felt emboldened and continued and even escalated the verbal bullying into physical assaults and more. Instead, when the minor child continually reported and complained, at least

one teacher or administrator threatened the minor child that "she cannot continue to tell her parents about what she is dealing with at the school or she will be suspended." Racial slurs were used during the minor child's time at the Kelly Miller Middle School and condoned by the administrators and teachers.

42. Defendants are liable under Title VII for such harassment and discrimination because it knew, or should have known, of the racial harassment and discrimination but failed to take prompt and effective remedial action. Instead, it did just the opposite. It condoned, ratified and otherwise allowed the racially harassing and discriminatory behavior to continue.

43. As a result of the Plaintiffs' minor child's good faith complaints and opposition to race discrimination and racial harassment, the Defendant retaliated against the Plaintiff's minor child by subjecting her to stricter scrutiny than her co-students, to demeaning and hostile treatment, to wholly unwarranted information black-out, to being subjected to unwarranted discipline, to ultimately the harrowing threat of suspension.

WHEREFORE, the premises considered Plaintiffs Ana del Carmen Portillo de Gonzalez and Luis Alexander Gonzalez Orellana, jointly and individually, and for their child P.G.P demands judgment from Defendants in the sum of Five Million ($5,000,000.00) Dollars for personal injury, plus court cost, interest, and attorney fees.

JURY TRIAL DEMAND:

Plaintiffs hereby requests a jury trial on all issues, including liability and damages.

Respectfully submitted,

_____
Hope Umana, Esq. #: 459092

HUMANA LAW FIRM, PLLC.
8630 Fenton Street, # 126
Silver Spring, MD 20910
Phone: (301) 587-0090
Fax: (301) 587-5540
Hope@Humanalaw.com
Counsel for Plaintiffs
